UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00357-RJC-DCK

| | |
|---|---|
| STACI ANNE BRAUN, | ) |
| Plaintiff, | ) |
| v. | ) Order |
| REEVES LAW FIRM, PLLC, DAVID FREDERICK BRAUN, and STATE OF NORTH CAROLINA, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's pro se "Emergency Motion for An Immediate Temporary Injunction and Restraining Order Pursuant to Fed. R. Civ. Proc. 65 and Referral to United States Attorney" (the "Motion"). (Doc. No. 3).

## I. BACKGROUND

Plaintiff filed this action on August 4, 2022, stemming from an ongoing dispute with her former romantic partner surrounding the custody and/or guardianship of their daughter. She asserts diversity jurisdiction and brings this action against the State of North Carolina, David Frederick Braun ("Mr. Braun") who resides in Florida, and Defendant Reeves Law Firm, PLLC ("Reeves") which is located in Ashe County, North Carolina. Plaintiff resides in Charlotte, North Carolina.

In short, according to the Complaint, Plaintiff's former romantic partner Mr. Braun assaulted her, defamed her, and continues to defame her. Additionally, Mr. Braun allegedly lied about Plaintiff and presented false evidence to a court in Ashe County related to proceedings for custody or guardianship of their daughter, after which their daughter was physically placed with

Mr. Braun despite Mr. Braun's abuse of their daughter. Plaintiff alleges that the remaining Defendants colluded and/or assisted with the erroneous Ashe County court's custody and/or guardianship decisions and Mr. Braun's actions.

According to the Motion, Plaintiff filed a similar action in the Mecklenburg County seeking an emergency *ex parte* domestic violence order which the court did not grant. Instead, the court determined it would hear the matter at a future date, after Mr. Braun was properly served. Thereafter, Plaintiff brought an action in this Court, pleading twelve counts which appear to be a mix of constitutional and tort claims. Plaintiff also filed the Motion requesting the Court enjoin Mr. Braun and Reeves or anybody on their behalf "from promulgating, making statements, inferring, promoting slanderous and libel statements against the Plaintiff that she is in any way mentally ill, specifically that she [has] Bipolar or Munchausen by Proxy Syndrome." (Doc. No. 3). Additionally, she asks the Court to enjoin Mr. Braun and Reeves from any direct or indirect contact with Plaintiff, her children, or those assisting her in this matter.

## II. STANDARD OF REVIEW

Temporary restraining orders are extraordinary remedies "that may only be awarded upon a clear showing that the plaintiff is entitled to such relief' and may never be awarded 'as of right.'" *Paradies Shops, LLC v. Brookstone Charlotte, LLC*, No. 3:19-cv-00631, 2019 WL 6337818, at *1 (W.D.N.C. Nov. 26, 2019) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The party seeking the TRO or preliminary injunction must demonstrate all of the following: (1) she is likely to succeed on the merits of her claim; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) the injunction is in the public interest. *Id.* at *2; *Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013). *Pashby*, 709 F.3d at 320. The decision is within the district court's discretion. *Pashby*, 709 F.3d at 319.

### III. DISCUSSION

As an initial matter, Plaintiff asserts the Court has diversity jurisdiction over this action. However, Plaintiff is a resident of North Carolina and sues the State of North Carolina and another Defendant located in North Carolina. Thus, there is not complete diversity and this Court does not have diversity jurisdiction. *Navy Fed. Credit Union v. LTD Fin. Srvcs., LP*, 972 F.3d 344, 352-53 (4th Cir. 2020) ("[D]iversity must be 'complete' . . . [t]his means that no plaintiff may share a citizenship with any defendant . . . a federal court must determine and compare the citizenship(s) of all plaintiffs and all defendants before exercising diversity jurisdiction under § 1332(a)."). Nevertheless, on the face of Plaintiff's Complaint she asserts numerous constitutional claims such that, at this initial stage, under the well-pleaded complaint rule, the Court has federal question subject matter jurisdiction. *Burbage v. Richbrug*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) ("[U]nder the well-pleaded complaint rule, courts ordinarily . . . look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." (internal quotation marks omitted) (alteration in original)).

Next, in order to obtain a temporary restraining order first plaintiffs "must demonstrate that they are likely to succeed on the merits." *Pashby*, 709 F.3d at 321 (citations omitted). Plaintiffs need not show a "certainty of success" but must make a "clear showing" that they are likely to succeed at trial. *Id.* Plaintiff failed to sufficiently demonstrate that she is likely to succeed on the merits.

First, Plaintiff, in part, failed to demonstrate this Court has jurisdiction over a number of her claims. Instead, Plaintiff asks this Court to review issues that appear to be intertwined with the decision by a court in Ashe County for which the Court lacks jurisdiction under the *Rooker-*

3

*Feldman* doctrine. The *Rooker–Feldman* doctrine generally prohibits lower federal courts from reviewing state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The purpose of the doctrine is to prevent the exercise of appellate jurisdiction of lower federal courts over state-court judgments. *Verizon Md. Inc. v, Public Serv. Comm'n of Md.*, 535 U.S. 635, 644 n. 3 (2002). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in the United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). "Federal courts are prohibited from determining that state court judgments were erroneously entered or from taking action that would render state court judgments ineffectual." *Alden v. Jones*, No. 5:19-CV-00115-KDB-DCK, 2020 WL 912783, at *5 (W.D.N.C. Feb. 25, 2020). This prohibition extends not only to issues decided by a state court but also to those issues "inextricably intertwined with questions ruled upon by a state court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). A federal claim is inextricably intertwined with a state court where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (internal quotation marks omitted) (alternations in original). This includes "constitutional claims that are inextricably intertwined with questions ruled upon by a state court, as when success on the federal claim depends upon a determination 'that the state court wrongly decided' the issues before it." *Alden*, 2020 WL 912783, at *5.

Here, Plaintiff's Complaint asks Court, at least in part, to review issues inextricably intertwined with state court decisions and reach an opposite conclusion, specifically as to the Ashe County court's decisions related to child custody and/or guardianship and potentially other

4

domestic issues. For example, throughout Plaintiff's Complaint she complains about the judge and decisions made by the court in Ashe County related to the custody and well-being of her daughter. Indeed, based on allegations in the Complaint, it appears that at the least, Counts 2, 4, 5, 8, 9, and 10 relate specifically to and are inextricably intertwined with the custody and/or guardianship decisions related to Plaintiff's daughter made by the court in Ashe County, including documents and other evidence presented to and/or considered by the court. *Stratton v. Mecklenburg Cnty. Dep't of Social Srvcs.*, 521 Fed. App'x 278 (4th Cir. 2013); *Metcalf v. Call*, No. 2:14-cv-00010-MR-DLH, 2014 WL 12497025 (W.D.N.C. Mar. 31, 2014). This is bolstered by the injunctive relief Plaintiff requests requiring the State of North Carolina "to protect the Plaintiff and her minor child . . . from any further abuse by [Mr. Braun] and to enforce the laws promulgated to protect [Plaintiff] and her child." (Doc. No. 1 at 14). Additionally, Plaintiff's Motion asks the Court to enjoin Mr. Braun and Reeves from making allegedly false statements about her mental health, presumably including any statements to the state court considering these issues. Based on the pleadings and evidence before the Court, in order for the Court to grant the Plaintiff relief on these claims, the Court would have to take action that would render the state court decisions ineffectual. Accordingly, Plaintiff failed to demonstrate she is likely to succeed on the merits of Counts 2, 4, 5, 8, 9, and 10.

Next, the majority of Plaintiff's remaining claims, to extent not barred by the *Rooker-Feldman* doctrine, are pled as constitutional claims against Mr. Braun and/or Reeves. However, Plaintiff failed to demonstrate that she is likely to succeed on the merit of these claims. These constitutional claims are against private actors. There is no evidence to suggest Mr. Braun or Reeves are state actors or "have a sufficiently close relationship with state actors such that a court

would conclude that the non-state actor is engaged in the state's actions." *Metcalf*, 2014 WL 12497025, at *3.

Finally, interpreting Plaintiff's pro se Complaint liberally, as to any remaining state law claims against Mr. Braun and/or Reeves, sounding in tort law, Plaintiff failed to demonstrate a likelihood of success on the merits at this stage for the extraordinary remedy she requests. Based on the evidence before the Court, a significant number of facts remain in question, are likely disputed, and do not make a "clear showing" of success. Therefore, the Court will not issue an *ex parte* temporary restraining order as to any of these remaining claims.

IV. **CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's pro se "Emergency Motion for An Immediate Temporary Injunction and Restraining Order Pursuant to Fed. R. Civ. Proc. 65 and Referral to United States Attorney" (Doc. No. 3) is **DENIED**; and

2. Plaintiff's Complaint is **DISMISSED in part without prejudice** for lack of jurisdiction, specifically Counts 2, 4, 5, 8, 9, and 10 are dismissed without prejudice.

Signed: August 31, 2022

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge