IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-357-RJC-DCK

| STACI ANNE BRAUN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| DAVID FREDERICK BRAUN, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Motion To Amend Complaint" (Document No. 23) filed January 13, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion to amend and direct that the pending motions to dismiss and quash be denied as moot.

*Pro se* Plaintiff Stacie Anne Braun ("Plaintiff" or "Braun") initiated this action with the filing of a "Complaint" (Document No. 1) on August 4, 2022. Defendants have since filed motions to dismiss and a motion to quash. See (Document Nos. 7, 9, 12).

Following some delay, Plaintiff filed a "Motion For Extension to File An Amended Complaint" (Document No. 20) on December 14, 2022. The Court granted Plaintiff's "Motion For Extension…" on December 15, 2022, and directed Plaintiff to either file responses to the pending motions, or, in the alternative, to "file an Amended Complaint on or before **January 13, 2023**." (Document No. 21). Instead of filing an Amended Complaint on January 13, 2023, Plaintiff filed the instant "Motion To Amend Complaint" (Document No. 23). As noted above, the Court has *already granted* Plaintiff leave to file an Amended Complaint. (Document No. 21).

Based on the foregoing, the Court will once again grant *pro se* Plaintiff's request to file an Amended Complaint. The Amended Complaint will supersede Plaintiff's original "Complaint" (Document No. 1). In addition, the undersigned will direct that "Defendant Reeves Law Firm, PLLC's Motion To Dismiss " (Document No. 7); "Defendant David Frederick Braun's Motion To Quash Service Of Process" (Document No. 9); and the "State Of North Carolina's Motion To Dismiss" (Document No. 12) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

*Pro se* Plaintiff is respectfully advised that further amendment of the Complaint is unlikely to be allowed. Defendants' motions are dismissed without prejudice to filing similar motions regarding Plaintiff's Amended Complaint, if necessary and appropriate.

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiff's "Motion To Amend Complaint" (Document No. 23) is **GRANTED**.[1] *Pro se* Plaintiff shall file an Amended Complaint on or before **January 24, 2023**.

**IT IS FURTHER ORDERED** that Defendant Reeves Law Firm, PLLC's Motion To Dismiss " (Document No. 7); "Defendant David Frederick Braun's Motion To Quash Service Of Process" (Document No. 9); and the "State Of North Carolina's Motion To Dismiss" (Document No. 12) are **DENIED AS MOOT**.

<u>The Clerk Of Court is directed to send a copy of this Order to *pro se* Plaintiff by certified U.S. mail, return receipt requested</u>.

**SO ORDERED**.

Signed: January 17, 2023

_____
David C. Keesler
United States Magistrate Judge

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, **the filer will be responsible for electronically filing the document on the case docket**." (Emphasis added).

3