UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00357-RJC-DCK

| | |
|---|---|
| BRAUN, | ) |
|       Plaintiff, | ) |
| v. | ) |
| BRAUN, et al. | ) **ORDER** |
|       Defendants. | ) |

This matter is before the Court on Plaintiff's Amended Complaint (Doc. No. 26) and companion Motions for Temporary Restraining Orders, (Doc. Nos. 41, 52, and 87), along with James S. Faller, II's Motion to Intervene. (Doc. No. 28).

Extraordinary proceedings call for an extraordinary response from this Court. At present, Plaintiff is mired in a child custody dispute in North Carolina state court, and her dissatisfaction with those proceedings has spilled into the United States District Court for the Western District of North Carolina.

## I. Lack of Subject Matter Jurisdiction

In invoking this Court's jurisdiction, Plaintiff brings claims under several federal statutes, including 42 U.S.C. § 1981, 1983, and 1985, as well as under the Court's diversity jurisdiction. She accuses various defendants, including her husband, her doctors, her former lawyers, a children's advocacy center, and the State of North Carolina of creating false reports and engaging in conspiracies related to her state court case in order to deprive her of the rights, privileges, and immunities guaranteed by the United States Constitution—by which she means her desire to stay united with her daughter.

1

Undoubtedly, disputes of child custody are heart-wrenching, and sexual violence against children – which Ms. Braun alleges – is patently despicable. This Court, however, is simply not the venue in which to right those alleged wrongs. Federal courts enjoy limited jurisdiction, and they possess only powers authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Disputes related to child custody are specifically excluded from that limited jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 702, 112 S. Ct. 2206, 2214, 119 L. Ed. 2d 468 (1992). Under "the domestic relations exception" to federal jurisdiction, federal courts do not have the power to intervene with regard to child custody or visitation decrees. *In re Burrus*, 136 U.S. 586, 594 (1890). Thus, the relief that Ms. Braun seeks – requiring the state of North Carolina and its agencies to take certain action in relation to her daughter's custody case – is outside this Court's jurisdiction.

Additionally, this action cannot proceed insofar as Ms. Braun asks this Court to interfere with, or to review, state court proceedings. The *Rooker-Feldman* doctrine applies both to claims at issue in a state court order, and to claims that are "inextricably intertwined" with such an order. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293-94 (2004). The success of Ms. Braun's claims in this action appears to be inextricably intertwined with the custody-related claims at issue in North Carolina state court. *See, e.g.*, *Ihenachor v. Md.*, 2018 WL 1863678 (D. Md. April 18, 2018) (the success on plaintiff's claims necessarily depended on a determination that the state court wrongly decided issues of physical custody, legal custody, and child support, so that they were inextricably intertwined with the state court decision and thus the district court lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine); *Richardson v. N.D. Dep't of Health & Human Servs.*, 2012 WL 4426303 (E.D.N.C. June 29, 2012). Further, a federal court should not interfere in civil proceedings in which important state interests are involved,

except in the most narrow and extraordinary of circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (addressing abstention in criminal matters); *Huffman v. Pursue, Ltd*., 420 U.S. 592 (1975) (addressing abstention in civil proceedings in which important state interests are involved). This includes proceedings addressing the temporary removal of a child in a child-abuse context. *See Moore*, 442 U.S. at 423. The child removal proceedings at issue here involve important state interests, and the Court finds that narrow and extraordinary circumstances do not exist. Accordingly, the Court will not review any North Carolina orders with regards to the removal and custody of Ms. Braun's daughter, nor will it insert itself into the ongoing proceedings in the North Carolina courts.

Moreover, to the extent that Plaintiff asserts claims for libel and slander under this Court's diversity jurisdiction, the Court lacks jurisdiction because this action is not totally diverse. Under 28 U.S.C. § 1332, which extends federal jurisdiction to cases involving "citizens of different states," diversity of citizenship must be complete; that is, "no plaintiff may share a citizenship with any defendant." *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020). This Court lacks diversity jurisdiction over these claims because Plaintiff, a North Carolina citizen, shares North Carolina citizenship with a myriad of Defendants.

Thus, this Court lacks jurisdiction over Count I (state court case grievances); Count II (creating and publishing false documents); Count III (assault, rape, and sodomy); Count IV (state court case grievances); Count V (child custody grievances); Count VI (falsely reporting mental illness); Count VII (transporting child across state lines); and Count VIII (state of North Carolina not providing proper court). Accordingly, Plaintiff must respond, in writing, by **Friday, March 24, 2023**, to show cause as to why the Court has subject matter jurisdiction over this action. If Plaintiff fails to establish jurisdiction, the Court will dismiss the Complaint for lack of jurisdiction.

## II. Failure to State a Claim

Even if this Court did hold jurisdiction over Plaintiff's claims, she has failed to state a claim upon which relief can be granted. "There are instances in which sua sponte dismissals of complaints under Rule 12(b)(6) are appropriate." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021). In such instances, the District Court must exercise fair procedure: "[n]amely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond." *Id*. This order serves as Plaintiff's notice. Plaintiff has already once amended her complaint, and she will not be permitted to do so again without the leave of each Defendant. *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (the Court may refuse to allow amendments after "[r]epeated failure to cure deficiencies by amendments previously allowed"). Plaintiff will, however, be permitted to respond to this notice in writing, by **Friday, March 24, 2023**, to show cause as to why she has stated a claim upon which relief can be granted.

Though the Court lacks jurisdiction over Plaintiff's underlying concern (her child custody dispute), Plaintiff seeks to employ 42 U.S.C. §§ 1981, 1983, and 1985 in this matter. Each of her causes of action fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1985, a plaintiff must show (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. *Thomas*, 841 F.3d at 637. "Allegations of parallel conduct and a bare assertion of a conspiracy are not enough for a claim to proceed." *Id.* Plaintiff failed to plead that any Defendants are motivated by a specific class-based, invidiously discriminatory animus, and she failed to plead

4

any facts beyond a bare assertion of conspiracy between the Defendants. Thus, all of Plaintiff's claims under 42 U.S.C. § 1985 fail as a matter of law.

"To state a claim under § 1983, a plaintiff must allege that [she] was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Thomas*, 841 F.3d at 637. "The color of law requirement excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* Thus, Plaintiff's claims under 42 U.S.C. § 1983 against all private actors in Counts I, IV, V, VI, and VII fail as a matter of law. Though Plaintiff does bring some claims against state actors (the state of North Carolina and the Department of Social Services), those claims are jurisdictionally barred by the *Rooker-Feldman* and *Younger* abstention doctrines described above. Thus, all Plaintiff's claims under 28 U.S.C. § 1983 fail as a matter of law.

An action under 42 U.S.C. § 1981 "must be founded on purposeful, racially discriminatory actions." *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018 (4th Cir. 1999). "To state a claim under 42 U.S.C. § 1981, a plaintiff must allege she is a member of a racial minority, that the defendant discriminated against her with respect to one of the rights enumerated in 1981(b), and that the defendant discriminated intentionally on account of the plaintiff's race." *Brooks v. Coble Settlement*, No. 1:14CV280, 2015 WL 862546, at *6 (M.D.N.C. Feb. 27, 2015). Plaintiff fails to allege she is a member of a racial minority or that any defendants discriminated against her because of her race. Thus, all Plaintiff's claims under 28 U.S.C. § 1981 fail as a matter of law.

### III. James S. Faller's Motion to Intervene

Rule 24(a) provides for intervention of right as follows: "On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and

5

is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

The proposed intervenor does not contend that a statute confers a right to intervene in this case. Thus, under Rule 24(a)(2), the movant must (1) timely apply, (2) have "an interest relating to the property or transaction [that] is the subject of the action," and (3) be "so situated that the disposition of the action may ... impair or impede the applicant's ability to protect that interest," (4) "unless that applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2); *In re Richman*, 104 F.3d 654, 659 (4th Cir.1997); *Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir.1976). Here, element (2) is decisive – Mr. Faller fails to identify an interest relating to the subject of the action beyond claiming a "significant" and "absolute" interest. Therefore, Mr. Faller may not intervene as of right.

Rule 24 provides for permissive intervention in relevant part as follows: "On timely motion, the court may permit anyone to intervene who (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The court may allow intervention if the movant shows that its timely motion to intervene alleges at least one common question of law or fact. *See United States v. Michigan*, 424 F.3d 438, 445 (6th Cir.2005); *Diagnostic Devices, Inc. v. Taidoc Tech. Corp.*, 257 F.R.D. 96, 100 (W.D.N.C. 2009). Here, again, Mr. Faller has identified no statute under which he may intervene, and he has no claim or defense of his own that he shares with the main action. Therefore, Mr. Faller may not permissively intervene, and his motion (Doc. No. 28) is **DENIED**.

Additionally, Mr. Faller is **WARNED** that his actions come dangerously close to the unauthorized practice of law. North Carolina law defines the unauthorized practice of law as an individual holding himself out "as competent or qualified to give legal advice or counsel, or to prepare legal documents, or as being engaged in advising or counseling in law or acting as attorney ...." N.C. Gen. Stat. § 84-4; *see also Sycamore Grove v. Moorish Holy Temple of Sci.*, No. 3:13-CV-25-FDW-DCK, 2013 WL 12155250, at *1 (W.D.N.C. Mar. 11, 2013). After filing his now-denied motion to intervene, (Doc. No. 28), Mr. Faller has signed and filed no less than five documents on behalf of the Plaintiff in this action, styling himself "the undersigned" and, at times, even referring to himself as one with the Plaintiff in the action (i.e., "I, Dr. Staci Anne Braun/James S. Faller, II, have served a copy of the foregoing …"). (Doc. Nos. 41, 52, 87, 89, and 92). Without waiting for approval from this Court, Mr. Faller intervened in this action, prepared documents on behalf of the Plaintiff, and filed documents on her behalf. The unauthorized practice of law will not be tolerated in the United States Courts.

IV. **Pre-Filing Injunction**

When determining whether to issue a prefiling injunction, the Court must consider all relevant circumstances. Courts have noted four factors in particular to consider: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). If the judge does determine that a prefiling injunction is warranted after weighing the relevant factors, the judge still "must ensure that the injunction is narrowly tailored to fit the special circumstances at issue." *Id.* "Ultimately, the question the court must answer is whether a

7

Case 3:22-cv-00357-RJC-DCK   Document 99   Filed 03/20/23   Page 7 of 8

litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir.1996) (internal citation and quotation omitted). A court "must afford a litigant notice and an opportunity to be heard" before issuing a prefiling injunction against him. *Cromer*, 390 F.3d at 819.

In addition to the complaint, amended complaint, and four requests for temporary restraining orders that Plaintiff has filed in the instant matter since August of last year, Plaintiff filed a habeas corpus action in this Court against the State of North Carolina, asserting essentially the same claims without jurisdictional basis. That action, *3:23-mc-00007-RJC Braun v. State of NC*, was dismissed for lack of jurisdiction. This Court has determined that a prefiling injunction is not warranted at this time. However, Plaintiff is **WARNED** that her continued duplicative and harassing filing of lawsuits against Defendants and related parties in connection with her child custody case or the filing of frivolous motions and other filings in the now pending or previously closed cases may result in the imposition of monetary sanctions and the imposition of a pre-filing injunction.

V. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff is directed to respond, in writing, by **Friday, March 24, 2023**, explaining the jurisdictional bases for her claims and furnishing any information which may inform the Court that she states a claim upon which relief can be granted.

2. Movant James S. Faller, II's motion to intervene (Doc. No. 28) is **DENIED**, and movant is **ADMONISHED** not to engage in the unauthorized practice of law.

Signed: March 19, 2023

Robert J. Conrad, Jr.
United States District Judge